IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| Kelly Brooke Martin, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action |
| | ) | Case No. 3:24-cv-00075-KAC-JEM |
| University of Tennessee, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION BY THE DEFENDANT FOR A JUDGMENT ON THE PLEADINGS**

Defendant, the University of Tennessee (UT or the University), files this memorandum in support of its Motion for a Judgment on the Pleadings.

## PLAINTIFF'S CLAIMS

Plaintiff attempted to set out her claims in three separate documents. The original Complaint, ECF Doc. 1 & 1-1—1-3, listed the "Basis for Jurisdiction" as Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act of 1967 (ADEA), the Americans with Disabilities Act (ADA), the Rehabilitation Act of 1973 (Rehabilitation Act), and the Genetic Information Nondiscrimination Act of 2008 (GINA). ECF Doc. 1, § II, p. 3. It also contained a list of Tennessee state laws over which Plaintiff presumably wished the Court to exercise its supplemental jurisdiction provided for by 28 U.S.C. § 1367(a). The statutes listed are the

Tennessee Disability Employment Protection Act, the Tennessee Disability Act, the Tennessee Human Rights Act, and "Tennessee Employment Law."[1] *Id.*

In section III.D. of her original Complaint, ECF Doc. 1, p. 4, Plaintiff says, "Defendant(s) discriminated against me based on my age and disability, which she specifies as "Spondyloepiphyseal Dysplasia Congenita."[2] In the Charge of Discrimination Plaintiff filed with the Equal Employment Opportunity Commission (EEOC), ECF Doc. 1-1, p. 2, she says,

> I believe that I have been discriminated against and retaliated against because of my age (43), in violation of the Age Discrimination in Employment Act of 1967, as amended; I believe that I have been discriminated against because of my disability and retaliated against for requesting reasonable accommodation, in violation of the Americans with Disabilities Act Amendments Act of 2008; and I also believe that I have been discriminated and retaliated against because of my Genetic Information, in violation of the Genetic Information Nondiscrimination Act of 2008.

Finally, in the Plaintiff Response to Order for More Definite Statement, ECF No. 16, she makes the same claims as in the quotation immediately above.

Reading the various documents as broadly as possible, it seems reasonable to conclude that Plaintiff has attempted to state four federal-law claims; she alleges violations of the ADEA, ADA, the Rehabilitation Act (presumably under section 504 of that act), and GINA, in addition to the state-law claims referred to earlier. She also claims that she was retaliated against, but it's not clear which statute she

---

[1] Defendant has not been able to find a statute called "the Tennessee Disability Employment Protection Act," and the reference to Tennessee Employment Law apparently is an invocation of Tennessee common-law prohibitions of employment discrimination, which, of course, do not exist.

[2] According to the Johns Hopkins Medicine website, "Spondyloepiphyseal dysplasia congenita is a rare genetic disorder that involves spinal and epiphyseal enlargement (enlargement of the area at the end of the long bones). Classified as a type 2 collagen defect, it affects a structure of connective tissue (collagen) that supports many parts of the body." https://www. hopkinsmedicine.org/health/conditions-and-diseases/spondyloepiphyseal-dysplasia-congenita.

2

claims was violated, so we can assume she meant to allege retaliation under each federal statute. She has made no claim under Title VII of the Civil Rights Act of 1964, and the claims under Tennessee law are dealt with below.

## STANDARD OF REVIEW

All of the facts upon which Defendant relies in this motion are taken from Plaintiff's Complaint and are not disputed. The Court should grant a judgment on the pleadings for Defendant under Rule 12(c). The following argument shows that Defendant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As stated in Wright & Miller, "A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings … ." 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 (2d ed. 1990). Rule 12(c) is of particular value in motions raising a statute of limitations defense, and the relevant facts are in the pleadings and undisputed. *Id.* (Westlaw online version.)

## CLAIMS UNDER THE ADA, THE ADEA, AND GINA

These claims are subject to the administrative exhaustion requirements of each statute. Under the ADEA, in a dual-filed state such as Tennessee, a charge must be filed within 300 days of the accrual of the cause of action, *see* 29 U.S.C. § 626(d)(1)(B), and if the EEOC terminates its proceedings without action, as it did here, a lawsuit must be filed in district court within 90 days of the receipt by the charging party of notice of the termination. *Id.* § 626(e).

3

The ADA requires exhaustion of administrative remedies as set out under Title VII. 42 U.S.C. § 12117(a). Title VII requires, similarly to the ADEA, filing a charge with the EEOC with 300 days of the adverse employment action, 42 U.S.C. § 2000e-5(e)(1), and filing a lawsuit within 90 days of the receipt of notice of the EEOC's termination of its action on the charge. *Id.* § 2000e-5(f)(1). GINA's enforcement provisions are exactly like those of the ADA (and Title VII). 42 U.S.C. § 2000ff-6(a)(1).

Plaintiff filed her charge making these three claims with the EEOC on May 17, 2023. This means that anything that occurred before July 21, 2022,[3] is barred. Her being placed on administrative leave, with pay, occurred, however, on October 7, 2022, which was less than 300 days before she filed her charge; therefore, the charge concerning that action and her subsequent termination was timely filed with the EEOC. The EEOC issued its Determination and Notice of Right to Sue on November 20, 2023. According to her Complaint, Plaintiff received the Notice on the same day.[4] She filed this lawsuit on February 20, 2024, which was 92 days after she received the Notice. The courts in this circuit enforce the 90-day limit strictly, *Moore v. ADT Corporate,* Case No. 1:22-cv-527, 2022 WL 17820570, at *2 (S.D. Ohio, Dec. 20, 2022), even dismissing a case filed on the 91st day. *Rembisz v. Lew,*

---

[3] July 21, 2022, was 300 days before May 17, 2023.

[4] As the Court probably knows, the EEOC posts most communications, including the Notice of Determination and Notice of Right to Sue, on its website and sends an email to the Charging Party, the Respondent, and any counsel listed. The notice is immediately available to read. Plaintiff admits in her Complaint that she received the Notice on February 20, 2024. ECF Doc. 1, § IV.B, p. 5. *See Robinette v. Promedica Pathology Labs,* No. 5;19-cv-2476, 2021 WL 3860520, at *3 (N.D. Ohio, Aug. 30, 2021). *See also* EEOC Public Portal User's Guide, vol. 5 — Charge Closure, Feb. 21, 2024 (last viewed on August 20, 2024, at https://publicportal.eeoc.gov/Portal/content/UserGuides/V5-Charge_Closure.pdf.

830 F.3d 681, 682—83 (6th Cir. 2016). The claims under the ADEA, the ADA, and GINA are, therefore, barred.

## THE REHABILITATION ACT

The Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, does not have an exhaustion requirement, and it contains no statute of limitations. The rule in this circuit is that the court must borrow the most analogous state-law statute of limitations. *McCormick v. Miami Univ.,* 693 F.3d 654, 662 (6th Cir. 2012). In this case, that would be the one-year statute in Tennessee for personal-injury actions. *Tomei v. Parkwest Med. Ctr.,* 24 F.4th 508, 511 (6th Cir. 2022). As Plaintiff admits in her Response to Order for More Definite Statement, she was discharged on October 7, 2022, much more than one year before she filed this case on February 20, 2024.. This claim, too, is barred.

This analysis is not changed by the enactment of the federal four-year statute of limitations arising under acts of Congress. 28 U.S.C.§ 1658. That statute controls only if the plaintiff's claim was made possible by a post-1990 enactment. *Jones v. R. R. Donnelly & Sons Co.,* 541 U.S. 369, 382 (2004). That is not the case here. The Rehabilitation Act was enacted in 1973, as the name indicates, and therefore Plaintiff's claim arose under a pre-1990 enactment; therefore, the old rule set out in the previous paragraph applies.

## STATE LAW CLAIMS

Plaintiff has also made claims under various Tennessee statutes and an undefined "Tennessee Employment Law." The statute Plaintiff calls the

5

Tennessee Disability Employment Protection Act does not exist, nor does a claim exist under some amorphous "Tennessee Employment Law." Since all of Plaintiff's federal-law claims are time-barred and must be dismissed, the Court should decline to exercise its supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *Alfredo v. MBM Fabricating Co.,* No. 23-cv-10526, 2024 WL 1334305 at *4 (E.D. Mich. Mar. 28, 2024). And, under *McCormick,* the state claims are barred by the eleventh amendment to the United States Constitution, which bars lawsuits against a state in federal court unless Congress has specifically abrogated that sovereign immunity under the fourteenth amendment. *McCormick,* 693 F.3d at 661–62. Congress has not done so for the Tennessee statutes Plaintiff cites.

In any event, the two remaining state-law claims under the Tennessee Human Rights Act, Tenn. Code Ann. §§ 4-21-301 *et seq.,* and the Tennessee Disability Act, Tenn. Code Ann. §§ 8-50-103—8-50-104, require that a plaintiff file a lawsuit within one year "after the alleged discriminatory practices … ." Tenn. Code Ann. § 4-21-311(d).

Neither Plaintiff's being placed on paid administrative leave nor her termination, which occurred on October 7, 2022, was within one year before the filing of the Complaint; therefore, both claims are time-barred.

## CONCLUSION

Since all of Plaintiff's claims are barred by her failure to file this lawsuit within 90 days of being notified of the close of the administrative process or by

failing to file the other claims within one year of the alleged discriminatory practice, Defendant should be granted a judgment on all her claims.

Respectfully submitted this 23rd day of August, 2024.

/s/ T. Harold Pinkley
T. Harold Pinkley (BPR # 009830)
Associate General Counsel
The University of Tennessee
Office of the General Counsel
505 Summer Place – UT Tower #1109
Knoxville, TN 37902
(865) 974-3416
harold.pinkley@tennessee.edu

*Attorney for Defendant, University of Tennessee*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to any counsel of record and by mailing a copy via U.S.P.S. and electronic mail to the following:
:
Dr. Kelly Brooke Martin
803 W. 1st Avenue
Lenoir City TN 37771
(865) 898-4965
kmarti16utk@gmail.com

Respectfully submitted this 23rd day of August, 2024.

/s/ T. Harold Pinkley
T. Harold Pinkley (BPR # 009830)