| | |
|---|---|
| DR. KELLY BROOKE MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:24-CV-75-KAC-JEM |
| | ) |
| UNIVERSITY OF TENNESSEE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This action is before the Court on Defendant University of Tennessee's "Motion for Judgment on the Pleadings" [Doc. 21]. For the reasons below, the Court grants in part and denies in part Defendant's Motion.

**I.     Background**[1]

Plaintiff Dr. Kelly Brook Martin is proceeding pro se in this action. Because she is proceeding pro se, the Court construes her Complaint [Doc. 1], attachments [Docs. 1-1, 1-2, 1-3], and "Response to Order for More Definite Statement" [Doc. 16] together and liberally in her favor. *See Tolliver v. Noble*, 752 F. App'x 254, 266-68 (6th Cir. 2018). Plaintiff suffers from "Spondyloepiphyseal Dysplasia Congenita" [Doc. 1 at 4]. During her tenure working for Defendant University of Tennessee, she allegedly experienced employment discrimination, harassment, failure to accommodate, and retaliation based on her age, disability, and "Genetic

---

[1] The Court generally assesses a Rule 12(c) motion "using the same standard that applies to a review of a motion to dismiss under Rule 12(b)(6)." *See United Food & Com. Workers, Local 1995 v. Kroger Co.*, 51 F.4th 197, 202 (6th Cir. 2022). Therefore, the Court accepts all well-pled facts as true and construes "the complaint in the light most favorable to the nonmoving party"— Plaintiff. *See Boyle v. Ford Motor Co.*, No. 23-1452, 2024 WL 1406401, at *2 (6th Cir. April 2, 2024) (citations omitted).

Information" [*See* Docs. 1-1 at 2, 16 at 2]. On October 7, 2022, Defendant "discharged" Plaintiff [*See* Doc. 1 at 5].

Plaintiff filed a Charge of Discrimination with the Equal Opportunity Employment Commission (EEOC) on May 17, 2023 [Doc. 1-1 at 2]. In the Charge, she alleges:

> I believe that I have been discriminated and retaliated because of my age (43), in violation of the Age Discrimination in Employment Act of 1967, as amended; I believe that I have been discriminated against because of my disability and retaliated against for requesting reasonable accommodation, in violation of the Americans with Disabilities Act Amendments Act of 2008; and I also believe that I have been discriminated and retaliated against because of my Genetic Information, in violation of the Genetic Information Nondiscrimination Act of 2008.

[*Id.*]. The EEOC issued a Notice of Right to Sue Letter on November 20, 2023 [Doc. 1-2].

Thereafter, on February 20, 2024, Plaintiff filed her initial Complaint [Doc. 1]. The Court liberally construes Plaintiff's Complaint [Doc. 1], attachments [Docs. 1-1, 1-2, 1-3], and later-filed "Response to Order for More Definite Statement" [Doc. 16] to assert (1) federal claims against Defendant under the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), and the Rehabilitation Act;[2] and (2) state law claims under the Tennessee Human Rights Act (THRA)[3] and

---

[2] In her Complaint, Plaintiff checks a box indicating that she also brings a claim under "Title VII of the Civil Rights Act of 1964" [Doc. 1 at 3]. But she includes no facts in any of her filings indicating that she was discriminated against based on her race, color, religion, sex, or national origin [*See* Docs. 1, 1-1, 1-2, 1-3, 16]. Therefore, it does not appear that she actually seeks to raise a Title VII claim. Even if she intended to raise a Title VII claim, the Court would dismiss the claim because Plaintiff did not raise any Title VII claim in her EEOC Charge [*See* Doc. 1-1 at 2]. *See Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 379 (6th Cir. 2002) ("[I]t is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge.") (quotation omitted). And if the Court had jurisdiction, the Court would dismiss the claim because Plaintiff failed to state a claim [*See* Docs. 1, 1-1, 1-2, 1-3, 16]. *See* Fed. R. Civ. P. 12(b)(6).

[3] The THRA "generally provides the exclusive remedy for employment discrimination lawsuits in Tennessee." *See Howard v. Cherokee Health Sys.*, No. 2:22-CV-134-KAC-CRW, 2024 WL

the Tennessee Disability Act (TDA).[4]  Defendant filed a "Motion for Judgment on the Pleadings" [Doc. 21].  Defendant argued that (1) Plaintiff's ADEA, ADA, and GINA claims are barred "by her failure to file [her] lawsuit within 90 days of . . . receiv[ing] notice of the closure of the . . . [EEOC] process" and (2) Plaintiff's Rehabilitation Act and state law claims should be dismissed because she neglected "to file this lawsuit within one year of the alleged discriminatory practices" [*See* Doc. 21 at 1].  Plaintiff opposed [Doc. 24].  Defendant filed a Reply, conceding that Plaintiff's ADEA, ADA, and GINA claims "were timely" filed and that "its [M]otion with regard to the ADA, . . . ADEA, and GINA should be denied" [*See* Doc. 25 at 1, 3].

II.  **Analysis**

Once "pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." *See United Food & Com. Workers*, 51 F.4th at 202 (citing Fed. R. Civ. P. 12(c)).  With one inapplicable caveat, the Court assesses a Rule 12(c) motion "using the same standard that applies to a review of a motion to dismiss under Rule 12(b)(6)." *See id.* (quotation omitted).  As such, to survive Defendant's Rule 12(c) motion, Plaintiff's Complaint and related filings must "contain[] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A. **Plaintiff Timely Asserted Her ADEA, ADA, And GINA Claims.**

As Defendant concedes, Plaintiff timely asserted her ADEA, ADA, and GINA claims [*See* Doc. 25 at 3].  The EEOC issued Plaintiff a Notice of Right to Sue Letter on November 20, 2023 [Doc. 1 at 5].  With a weekend and intervening holiday, the ninety-day period for Plaintiff to file her Complaint ran through February 20, 2024.  *See* Fed. R. Civ. P. 6(a)(1)(C).  Plaintiff filed

---

4350330, *4 n.2 (E.D. Tenn. Sept. 30, 2024) (citing *Williams v. Auto Club Servs., Inc.*, No. 3:21-cv-165, 2021 WL 6497220, *2 (E.D. Tenn. Oct. 4, 2021)).
[4] No "Tennessee Disability Employment Protection Act" exists [*See* Doc. 1 at 3].  But the TDA protects employees from discrimination based on a disability. *See* Tenn. Code Ann.§ 8-50-103.

her Complaint on February 20, 2024, within the ninety-day window [*See* Doc. 1 at 6]. Accordingly, the Court **DENIES** Defendant's Motion as it relates to Plaintiff's ADEA, ADA, and GINA claims.

### B. The One Year Statute of Limitations Bars Plaintiff's Rehabilitation Act Claim.

But Plaintiff did not file her Rehabilitation Act claim within the applicable one-year statute of limitations. Generally, "[w]here a federal statute provides a cause of action but does not specify a limitations period, courts determine the appropriate statute of limitations in one of two ways." *McCormick v. Miami Univ.*, 693 F.3d 654, 662 (6th Cir. 2012). **First**, "if the federal cause of action arises under an Act of Congress enacted after December 1, 1990, it is governed by 28 U.S.C. § 1658, which prescribes a four-year statute of limitations period." *Id.* (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004)). **Second**, if Congress enacted a statute before December 1, 1990, "courts borrow the most analogous state limitations period, so long as the application of state law is not 'at odds with the purpose or operation of federal substantive law.'" *Id.* (quoting *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995)).

Federal law determines when Plaintiff's claim accrues and the applicable statute of limitations begins to run. *See J. Endres v. Ne. Ohio Med. Univ.*, 938 F.3d 281, 292 (6th Cir. 2019) ("[the appeal] turns on when the limitations period starts to run, and federal law holds the answer to that question"); *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010) ("[a]lthough the statutes of limitations for both the Rehabilitation Act and [Section] 1983 are borrowed from state law, the actions accrue and the statutory period begins to run according to federal law"). And federal law dictates that Plaintiff's "statute of limitations period begins 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *J. Endres*, 938 F.3d at 292 (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

Here, the Court adopts the most analogous state law limitations period because (1) the Rehabilitation Act does not have its own statute of limitations and (2) Congress enacted the

4

Rehabilitation Act before 1990. *See McCormick,* 693 F.3d at 662; *see also Tomei v. Parkwest Med. Ctr.*, 24 F.4th 508, 511 (6th Cir. 2022). The most analogous statute of limitations is Tennessee's one-year statute of limitations for personal injury actions. *See* Tenn. Code Ann. § 28-3-104; *Tomei*, 24 F.4th at 511 (noting that the "Rehabilitation Act's borrowed statute of limitations" would be "Tennessee's one-year personal-injury statute of limitations").

And Plaintiff knew, or had reason to know, of her alleged injury by October 7, 2022 at the latest—the date of her termination [*See* Doc. 1 at 5]. *See J. Endres*, 938 F.3d at 292. Therefore, the applicable one-year statute of limitations began to run by October 7, 2022. Plaintiff failed to file her Complaint within one year of that date [*See* Doc. 1]. Thus, Plaintiff's Rehabilitation Act claim is time-barred. Plaintiff's invocation of the "continuing violation doctrine" does not change this result [*See* Doc. 24 at 3]. "The 'continuing violation' doctrine provides that when 'there is an ongoing, continuous series of discriminatory acts, they may be challenged in their entirety as long as one of those discriminatory acts falls within the limitations period.'" *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 829 (6th Cir. 2000) (quoting *Haithcock v. Frank*, 958 F.2d 671, 677 (6th Cir. 1992)). But even the latest-in-time discriminatory act alleged by Plaintiff—her termination on October 7, 2022—falls outside of the one-year limitations period. Accordingly, the Court **GRANTS** Defendant's Motion with respect to Plaintiff's Rehabilitation Act claim.

**C. A One-Year Statute of Limitations Also Bars Plaintiff's State Law Claims.**

A federal court "exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising diversity jurisdiction." *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999) (citation omitted); *see also Jones v. City of Elyria*, 947 F.3d 905, 912 (6th Cir. 2020). "[S]tate law governs substantive issues and federal law governs procedural issues." *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 613 (6th Cir. 2024) (citation omitted). "The law of tort liability . . . is

5

substantive, not procedural." *Losey v. N. Am. Phillips Consumer Elecs. Corp.*, 792 F.2d 58, 62 (6th Cir. 1986) (citations omitted). And this Court is exercising supplemental jurisdiction over Plaintiff's THRA and TDA claims. *See* 28 U.S.C. § 1367(a). The Court therefore applies the applicable state statute of limitations to Plaintiff's THRA and TDA claims. *See O'Donnell v. Univ. Hosps. Cleveland Med. Ctr.*, 833 F. App'x 605, 613-14 (6th Cir. 2020) (applying a state statute of limitations to a state law claim and the applicable federal statute of limitations to a federal claim); *see also Coyer v. HSBC Mortg. Servs., Inc.*, 701 F.3d 1104, 1109 (6th Cir. 2012).

Under Tennessee law a "civil cause of action under [the THRA] shall be filed in [the] chancery court or circuit court within one (1) year after the alleged discriminatory practice ceases." Tenn. Code Ann. § 4-21-311(d); *see also Murray v. State*, No. E2022-01575-COA-R3-CV, 2023 WL 8614926, at *3 (Tenn. Ct. App. Dec. 12, 2023). And the TDA "incorporates the one-year limitations period found in the THRA." *See Epley v. Walgreens Co.*, No. 1:18-CV-111, 2019 WL 5075829, at *4 (E.D. Tenn. Oct. 9, 2019) (citation omitted); *see also* Tenn. Code Ann. § 8-50-103(c)(2). Neither claim is tolled by filing a Charge with the EEOC. *See Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 464 (6th Cir. 2001) (noting that the limitations period for the plaintiff's THRA claim was not "tolled by the filing of the administrative claims with the EEOC").[5]

Here, the last alleged discriminatory act Plaintiff identifies in her Complaint, including other relevant documents, was her termination on October 7, 2022 [*See* Doc. 1 at 5]. Therefore, the applicable one-year limitations period began to run by October 7, 2022. And, as discussed

---

[5] *See also Parks v. Federal Exp. Corp.*, 1 F. App'x, 273, 276 (6th Cir. 2001); *Davis v. Metro Parks and Recreation Dep't*, 854 F. App'x 707, 712 (6th Cir. 2021) (applying the statute of limitations in a retaliation context); *Weber v. Moses*, 938 S.W.2d 387, 391-92, n.5 (Tenn. 1996); *Cotton v. Williamson Cnty. Gov't.*, 650 F. Supp. 3d 609, 623 (M.D. Tenn. 2023); *Davis v. City of Lavergne*, No. 3:24-cv-00461, 2024 WL 473050575, *4 n.3 (M.D. Tenn. Sept. 10, 2024).

6

above, Plaintiff failed to file her Complaint within one year of her termination [*See* Doc. 1]. As such, her THRA and TDA claims are time-barred too.

Plaintiff argues that the "discovery rule" saves her claims [Doc. 24 at 3]. Not so. Even presuming that Tennessee's discovery rule applies to Plaintiff's THRA and TDA claims, under the discovery rule "a cause of action accrues" and the limitations period begins to run "when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct." *See Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 143 (Tenn. 2001) (citation omitted). Here, at the latest, Plaintiff knew or should have known of her alleged injury by October 7, 2022 when she was terminated [*See* Doc. 1 at 5].[6] *See also Smith v. Tennessee Nat'l Guard,* 551 S.W.3d 702, 710 (Tenn. 2018) ("a cause of action accrues . . . when the plaintiff has actual knowledge of facts sufficient to put a reasonable person on notice that he [or she] has suffered an injury." (cleaned up)). Thus, even under the Tennessee discovery rule, Plaintiff's THRA and TDA claims would accrue by October 7, 2022 at the latest. *See Hubbard v. Evolution Wireless*, No. 2:19-cv-234, 2020 WL 1644512, *5 (E.D. Tenn. April 2, 2020). And she did not file within the one-year statute of limitations. Accordingly, the Court **GRANTS** Defendant's Motion as it relates to Plaintiff's THRA and TDA claims.[7]

### III. Conclusion

For the above reasons, the Court **GRANTS in PART and DENIES in PART** Defendant University of Tennessee's "Motion for Judgment on the Pleadings" [Doc. 21]. Only Plaintiff's

---

[6] Plaintiff has not alleged that she was unaware of her termination until a later date or that any wrongful act occurred later [*See* Docs. 1, 1-1, 1-2, 1-3, 16].
[7] Defendant also asserts that it is immune under the Eleventh Amendment, [*see* Doc. 22 at 6], but the Court need not reach the issue.

7

federal (1) Age Discrimination in Employment Act, (2) Americans with Disabilities Act, and (3) Genetic Information Nondiscrimination Act claims remain.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge