UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DR. KELLY BROOKE MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:24-CV-75-KAC-JEM |
| | ) | |
| UNIVERSITY OF TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action is before the Court on Defendant University of Tennessee's "Motion for Partial Summary Judgment" [Doc. 41]. Because Plaintiff's claims under the Genetic Information Nondiscrimination Act (GINA) are not legally cognizable and sovereign immunity bars Plaintiff's Americans with Disabilities Act (ADA) and Age Discrimination in Employment Act (ADEA) claims against Defendant, the Court grants Defendant's Motion.

**I.    Background**[1]

Plaintiff, Dr. Kelly Brook Martin, is proceeding pro se in this action. Because she is pro se, the Court construes her "Complaint for Employment Discrimination" [Doc. 1], attachments [Docs. 1-1, 1-2, 1-3], and "Response to Order for More Definite Statement" [Doc. 16] together as her operative "complaint" and liberally in her favor. *See* Fed. R. Civ. P. 7(a); *Tolliver v. Noble*, 752 F. App'x 254, 266-68 (6th Cir. 2018). Plaintiff's Complaint is not verified. *See* 28 U.S.C. § 1756. Therefore, it would not usually provide competent evidence to avoid summary judgment. *See King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017). But Defendant argues that even if the

---

[1] Because Plaintiff is the nonmoving Party, the Court describes the facts in the light most favorable to her. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Court accepts as true (1) Plaintiff's factual allegations in her Complaint and (2) the facts in Plaintiff's deposition [*see* Doc. 46-1], removing any dispute of fact, Plaintiff's claims fail as a matter of law, [*see* Doc. 41 at 1-2]. Defendant's argument and concession frame the Court's description of the facts of this case.

Plaintiff suffers from "Spondyloepiphyseal Dysplasia Congenita" [Doc. 1 at 4]. She alleges that while she was employed by Defendant, she experienced employment discrimination, harassment, failure to accommodate, and retaliation based on her age, disability, and "[g]enetic [i]nformation" [*See* Docs. 1-1 at 2, 16 at 1-2]. On October 7, 2022, Defendant "discharged" Plaintiff [*See* Doc. 1 at 5]. Plaintiff filed a Charge of Discrimination with the Equal Opportunity Employment Commission, and it issued a Notice of Right to Sue Letter [*See* Docs. 1-1 at 2, 1-2]. Thereafter, Plaintiff timely filed her initial "Complaint for Employment Discrimination" [Doc. 1]. Liberally construed, Plaintiff's Complaint contains remaining claims against Defendant under (1) GINA, (2) the ADA, and (3) the ADEA.[2] Plaintiff plainly seeks monetary relief, and she may seek injunctive or equitable relief too [*See* Doc. 1 at 6].

Defendant filed a "Motion for Partial Summary Judgment" and "Memorandum in Support" seeking judgment on Plaintiff's remaining claims [*See* Docs. 41, 42]. Defendant argues that Plaintiff's claims fail as a matter of law because (1) "the medical information at issue is not 'genetic information' as defined by [GINA]," [*see* Doc. 41 at 1], and (2) Plaintiff's requests for monetary and any injunctive or equitable relief from Defendant under the ADA and ADEA "are barred by the state's immunity provided by the Eleventh Amendment to the Constitution of the United States" and no exception applies, [*see* Doc. 42 at 6-7].

---

[2] The Court previously dismissed Plaintiff's other claims [*See* Doc. 51].

Plaintiff responded, arguing for the first time that her GINA claims survive because Defendant violated GINA by (1) requesting that Plaintiff present information regarding her medical condition, and (2) requesting her medical records and disability documentation [*See* Doc. 46 at 3]. As to her ADA claims, Plaintiff asserts, again for the first time, that she brings her claims under Title II of the ADA for which sovereign immunity has been abrogated, permitting those claims to continue [*Id.* at 4]. And as to her ADA and ADEA claims, charitably read, Plaintiff argues that her requests for injunctive or equitable relief survive under the *Ex parte Young* exception to sovereign immunity [*Id.* (citing *Ex parte Young*, 209 U.S. 123 (1908))].

## II.  Analysis

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the facts in the light most favorable to the nonmoving party and draws all reasonable inferences from those facts in her favor. *See Matsushita*, 475 U.S. at 587; *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). "A genuine issue of material fact exists" only if "there are disputes over" specific facts "that might affect the outcome of the suit under the governing law." *See Regions Bank v. Fletcher*, 67 F.4th 797, 802 (6th Cir. 2023) (citation and quotation omitted). Here, Defendant's argument and concession have removed any factual dispute.

### A. Plaintiff's GINA Claims Fail As A Matter Of Law Because They Do Not Involve Any Action By Defendant Based On Her "Genetic Information."

Liberally construing Plaintiff's allegations, Plaintiff appears to assert GINA-based claims for discrimination, unlawful requests, and retaliation [*See* Docs. 1, 1-1, 1-2, 1-3, 16]. ***First***, Plaintiff argues that she was discriminated against because of her genetic information because "Defendant's knowledge of" her "genetic disorder directly influenced adverse

3

employment actions against her" [Doc. 46 at 3]. ***Second***, she asserts that Defendant violated GINA when it (1) asked Plaintiff to give a presentation explaining her medical condition and (2) requested Plaintiff's medical records and disability documentation [*Id.*]. ***Last***, Plaintiff claims that Defendant retaliated against her based on her opposition to Defendant's above actions [*Id.*]. Defendant argues that as a matter of law, Plaintiff's medical condition is not "'genetic information' . . . [protected] under GINA" [Doc. 42 at 5]. The Court agrees.

Generally, GINA prohibits discrimination "against any employee with respect to the compensation, terms, conditions, or privileges of employment of the employee, because of genetic information with respect to the employee." 42 U.S.C. § 2000ff-1(a)(1). As potentially relevant here, GINA further provides that it is an unlawful employment practice for an employer "to request, require, or purchase genetic information with respect to an employee or family member of the employee." 42 U.S.C. § 2000ff-1(b). And GINA prohibits retaliation against an employee "because such individual has opposed any act or practice made unlawful by" GINA. 42 U.S.C. § 2000ff-6(f). But GINA only protects against certain actions relating to "genetic information." *See Taylor v. Vanderbilt University*, No. 23-5285, 2023 WL 10947219, at *2 (6th Cir. Nov. 1, 2023) (citing 42 U.S.C. § 2000ff-1(b)); *see also* 42 U.S.C. § 2000ff-1(a)(1).

GINA specifically defines "genetic information" as information concerning an "(i) individual's genetic tests, (ii) the genetic tests of family members of such individual, and (iii) the manifestation of a disease or disorder in family members of such individual." 42 U.S.C. § 2000ff(4)(A). "[G]enetic test" means "an analysis of human DNA, RNA, chromosomes, proteins, or metabolites, that detects genotypes, mutations, or chromosomal changes." 42 U.S.C. § 2000ff(7)(A). An employer "shall not be considered in violation of" GINA "based on the use, acquisition, or disclosure of ***medical information that is not genetic information*** about a

4

manifested disease, disorder, or pathological condition of an employee or member, including a manifested disease, disorder, or pathological condition that has or may have a genetic basis." 42 U.S.C. § 2000ff-9 (emphasis added).

Here, Plaintiff's claims fail because she has not shown, or even alleged, that Defendant took any action "because of [her] *genetic information*." 42 U.S.C. § 2000ff-1(a)(1) (emphasis added). *See Taylor*, 2023 WL 10947219, at *2; *see also Williams v. Graphic Packaging Int'l, Inc.*, 790 F. App'x 745, 754 (6th Cir. 2019). Plaintiff asserts that "[D]efendant's knowledge of the Plaintiff's genetic disorder directly influenced adverse employment actions against her" [Doc. 46 at 3]. However, a medical condition is not necessarily "genetic information" under GINA. *See* 42 U.S.C. § 2000ff(4). Plaintiff has not shown, or even alleged, that Defendant's knowledge of her medical condition is based on a "genetic test," the "genetic test" of a family member, or the manifestation of a disease or disorder in a family member. *Id.* More importantly, Plaintiff fails to show, or again even allege, that she, or a family member, underwent any "genetic test" such that any relevant information could be "genetic information" a defined term in GINA. *See Niculcea v. Stone Ridge Towne Ctr.*, No. 22-1577, 2022 WL 17484280, at *1 (3d Cir. Dec. 7, 2022) (plaintiff's "allegations that [defendant] violated the GINA were insufficient" because plaintiff did not show "facts demonstrating that she had undergone genetic testing or that [defendant] took adverse action against her based on her genetic information"); *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 826 (5th Cir. 2015) (affirming summary judgment where plaintiff "ignore[d] the statutory distinction between 'medical information' and 'genetic information'" and "presented no evidence that [defendant] requested, required, or purchased his genetic information, or discriminated against him on the basis of genetic information").

Even under Plaintiff's view of the facts, because Defendant took no action against Plaintiff based on "genetic information," her GINA claims fail as a matter of law. *See Taylor*, 2023 WL 10947219, at *2; *Williams*, 790 F. App'x at 754; *see also Ortiz*, 806 F.3d at 826. Accordingly, the Court **GRANTS** Defendant judgment on Plaintiff's GINA claims.

### B. Eleventh Amendment Immunity Bars Plaintiff's ADA And ADEA Claims Against Defendant.

Starting with Plaintiff's ADA claims, Plaintiff asserts claims of disability discrimination in her employment and alleged retaliation premised on her termination [*See* Docs. 1, 1-1, 1-2, 1-3, 16]. Title I of the ADA generally prohibits discrimination in employment. 42 U.S.C. § 12112(a). In contrast, Title II of the ADA prohibits discrimination in the provision of "services, programs, or activities of a public entity" or discrimination by a public entity in the provision of qualifying "services, programs, or activities." 42 U.S.C. § 12132. And Title V prohibits retaliation with respect to individuals invoking the protections of Titles I or II. 42 U.S.C. § 12203(a). Put simply, **Title I** "forbids discrimination against persons with disabilities in . . . employment," while **Title II** prohibits discrimination in the provision of certain "public services, programs, and activities." *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004) (emphasis added). Even liberally construed, Plaintiff's ADA claims are brought under or premised on violations of Title I—not Title II. *See Stanley v. W. Mich. Univ.*, 105 F.4th 856, 863-64 (6th Cir. 2024); *see also Mance v. Great Employment Works*, No. 5:22-cv-1791, 2023 WL 4085310, at *2 n. 3 (N.D. Ohio June 20, 2023).

Generally, "[t]he Eleventh Amendment bars actions 'against states unless they consent to be sued or Congress, pursuant to a valid exercise of its power, unequivocally expresses its intent to abrogate sovereign immunity.'" *Stanley*, 105 F.4th at 863 (quoting *Ashford v. Univ. of Mich.*, 89 F.4th 960, 969 (6th Cir. 2024)). "[T]hat bar also applies to 'state officers acting in their official capacity' and 'entities acting on behalf of the state.'" *Id.* (quoting *Ashford*, 89 F.4th at 969).

6

"Although the text does not explicitly say so, Eleventh Amendment immunity precludes suits brought against a State by its own citizens." *Id.* (quoting *Lane*, 541 U.S. at 517). "Unless immunity is removed, individuals cannot seek 'monetary damages or ***retrospective*** relief.'" *Id.* (emphasis added) (quoting *Ashford*, 89 F.4th at 969). A plaintiff may, however, "seek ***prospective*** injunctive relief against ***state officials in their official capacity*** before those officials violate the plaintiff's federal constitutional or statutory rights." *Id.* (emphasis added) (quoting *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 733 (6th Cir. 2022)).

Defendant is an arm and alter ego of Tennessee. *See Rives v. Univ. of Tenn.*, No. 24-5336, 2024 WL 5103829, at *3 (6th Cir. Dec. 13, 2024) (collecting cases). Plaintiff does not contest that conclusion [*See* Doc. 46 at 4]. Congress has abrogated Eleventh Amendment immunity under Title II of the ADA, but not Title I. *Compare Stanley*, 105 F.4th at 864 ("the Supreme Court has held that an employee cannot maintain a cause of action under Title I of the ADA against the State"); *with Lane*, 541 U.S. at 533-34 (Plaintiff's Title II claim alleging denial of "the fundamental right of access to the courts" was not barred). Because Plaintiff's claims are premised on alleged violations of Title I, not Title II, Eleventh Amendment sovereign immunity bars her request for monetary damages and any retrospective relief against Defendant under the ADA. *Stanley*, 105 F.4th at 864-66 (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001)).

Plaintiff's ADEA claims seeking monetary damages and any retrospective relief face the same fate. She may not sue a State for monetary damages or retrospective relief under the ADEA. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 67 (2000); *see also Latham v. Off. of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005) ("[plaintiff] simply cannot sue a State under the ADEA without the State's consent"). Thus, sovereign immunity also bars Plaintiff's claims for monetary damages and any retrospective relief under the ADEA against Defendant. *Id.*

7

Plaintiff's argument that the *Ex parte Young* exception saves any request for injunctive or equitable relief under the ADA and ADEA also fails [*See* Doc. 46 at 4]. The *Ex parte Young* exception "provides that 'suits against state officials seeking equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment.'" *Cooperrider v. Woods*, 127 F.4th 1019, 1043 (6th Cir. 2025) (quoting *Mich. Bell. Tel. Co. v. Climax Tel. Co.*, 202 F.3d 862, 867 (6th Cir. 2000)). But Plaintiff must file any such suit against a state official acting in his or her official capacity. *See id. Ex parte Young* does not permit a suit "against the state itself." *Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016) (citation omitted).

Here, Plaintiff sued Defendant, an arm of the state of Tennessee [*See* Docs. 1, 1-1, 1-2, 1-3, 16]. Thus, *Ex parte Young* does not apply. *See Stanley*, 105 F.4th at 864-66; *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 577 (6th Cir. 2021) (concluding that *Ex parte Young* did not apply because "the University of Louisville is not a state official"). And Eleventh Amendment sovereign immunity bars Plaintiff's requests even for equitable or injunctive relief against Defendant. *See Harris v. Sec'y of State for Tennessee*, No. 23-5833, 2024 WL 4225713, at *2 (6th Cir. May 29, 2024), cert. denied sub nom. *Harris v. Hargett*, 145 S. Ct. 594 (2024) (concluding that the "*Ex parte Young* exception does not apply to the [Administrative Procedures Division] because it is a state agency, not a state official"). Thus, even giving Plaintiff all benefit of the doubt, any requests for equitable or injunctive relief under the ADA and ADEA against Defendant are barred by sovereign immunity. *See Stanley*, 105 F.4th at 864-66; *Kaplan*, 10 F.4th at 577. Accordingly, the Court **GRANTS** Defendant judgment on Plaintiff's claims under the ADA and ADEA.

### III. Conclusion

For the above reasons, the Court **GRANTS** Defendant University of Tennessee's "Motion for Partial Summary Judgment" [Doc. 41]. No claims remain in this action. An appropriate judgment shall enter.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

9

Case 3:24-cv-00075-KAC-JEM   Document 71   Filed 05/01/25   Page 9 of 9   PageID #: 586